## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020[*]
Decided January 23, 2020

***Before***

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2484

| | |
|---|---|
| SALIH BAKER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-cv-1358 |
| | |
| JOHN FERMON and CITY OF | Joe Billy McDade, |
| BLOOMINGTON, ILLINOIS, | *Judge.* |
| *Defendants-Appellees.* | |

## O R D E R

After a police officer thought that Salih Baker swallowed a small bag of drugs, he arrested Baker. A judge ordered that probable cause justified detaining Baker without bond for obstruction of justice, and later a grand jury indicted Baker on that charge. A doctor reported that it could take up to a week for the bag to pass from Baker's system. After a week in an observation cell at the jail, no bag was recovered, and Baker was

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

released from observation, though he remained in jail on unrelated charges. He now sues the officer and his employer under 42 U.S.C. § 1983 for an unreasonable search and seizure in violation of the Fourth Amendment and malicious prosecution under Illinois law. The district court entered summary judgment for defendants. The officer had probable cause to arrest Baker, qualified immunity blocks any claim about later detention, and the indictment defeats the malicious-prosecution claim. Thus, we affirm.

Baker was a passenger in a car stopped on September 27, 2014 around 2:30 a.m. by John Fermon, a Bloomington, Illinois, police officer. (Baker does not contest the validity of the car stop.) At this stage, we construe in Baker's favor the evidence of the events that followed. *See Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017). Fermon noticed Baker—whom he had recently arrested for possessing cocaine—in the back. He radioed Officer Steve Statz to ask him to bring a police dog to "sniff" the car for drugs. Statz and his canine arrived shortly thereafter.

As Fermon told the occupants to leave the car for the dog sniff, he noticed an open bottle of tequila on the floor in front of Baker and that Baker was clenching his right hand closed. Fermon thought that Baker was clenching a plastic bag containing a white, powdery substance. Baker denies clenching a bag (and we accept his denial), but he does not dispute that he was clenching his hand shut. Once Baker left the car, he moved his clenched hand across his face. Statz told Fermon that he thought he saw Baker swallow something. (A passenger heard this exchange.) The officers searched Baker and the surrounding area but found nothing, so Fermon believed that Baker had swallowed a bag of cocaine from his clenched hand. Fermon then arrested Baker for the illegal transport of alcohol and took him to the county jail.

Concerned that Baker had swallowed cocaine, jail officials instructed Fermon to take Baker to the hospital, where a doctor gave Baker a charcoal solution and sorbitol—charcoal neutralizes toxic substances and sorbitol flushes the digestive system. The doctor also ordered an x-ray to look for a bag in Baker's abdomen. Although Baker insisted that he did not swallow anything, he drank the solutions voluntarily and consented to the x-ray to prove his contention. Baker did not pass a plastic bag during his four hours at the hospital, and the x-ray showed no foreign objects. Nonetheless, the doctor explained that he could not rule out the risk that Baker had swallowed a bag of cocaine, which could take up to a week to pass. Fermon took Baker back to the jail, where Fermon completed his report about the arrest. Jail staff monitored Baker for a

week, but when no bag was recovered, they released him from observation, though he remained in custody on charges unchallenged in this suit.

Meanwhile, a state prosecutor took legal action. When Baker left the hospital and returned to police custody, a prosecutor presented Fermon's arrest report to a judge. The report stated that Baker had held a "plastic baggie containing a white powdery substance," put the bag "into his mouth," and then "swallow[ed] it." The judge signed an order finding "probable cause to detain" Baker in lieu of bond "for the charge(s) of: obstruction/destroy evidence." After Baker's week under observation, the prosecutor presented Fermon's report to a grand jury, which indicted Baker for obstruction. The indictment remained pending for two years. In 2016, the prosecutor moved to dismiss the charge in exchange for Baker's guilty pleas in unrelated cases. Baker objected to the motion. He argued that the charge of obstruction was baseless, and he wanted a chance to prevail at trial. A state judge granted the motion to dismiss the charge.

Baker's next step was this suit, which contains two claims. First, Baker argues that, by arresting, searching, and detaining him for the cocaine, Fermon violated his Fourth Amendment rights. Second, Baker argues that, by preparing a police report falsely stating that he had ingested a bag of cocaine, Fermon (and his employer, the City of Bloomington) committed the state-law tort of malicious prosecution. The district court entered summary judgment for the defendants. It ruled that Fermon was entitled to qualified immunity because he had arguable probable cause to arrest, search, and detain Baker. The court also concluded that the dismissal of the prosecution did not by itself establish that the prosecution had been malicious.

On appeal, Baker raises three arguments under the Fourth Amendment. First, he contends that Fermon lacked probable cause to arrest him because Baker never had any cocaine. An officer has probable cause to arrest if the officer reasonably believes that the arrestee is committing a crime. *Abbott v. Sangamon Cty.*, 705 F.3d 706, 714 (7th Cir. 2013). Several facts support that belief here. First, Fermon saw that Baker had an open bottle of liquor in front of him in the car, a violation of state law. *See* 625 ILCS 5/11-502. That observation alone supplied an objective basis for the arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). But an arrest based on the probable obstruction of justice was also valid. Fermon honestly thought that Baker's right hand was clenching a bag of cocaine (we explain later why no evidence undercuts the honesty of Fermon's belief); he had recently arrested Baker for possessing cocaine; and when Baker moved his hand to his face, Fermon thought that Baker swallowed the bag. Even though Baker denies

doing so, and no bag was ever found, probable cause is assessed by what the police officer honestly and reasonably observed, not later events, and those observations were sufficient. *See Abbott*, 705 F.3d at 714.

Second, Baker argues that Fermon violated the Fourth Amendment by forcing him to undergo an unreasonable search. He objects to the medical procedures used at the hospital to determine if he had swallowed a bag of cocaine. Compelling a suspect to undergo an intrusive, unwanted medical procedure in order to obtain evidence may violate the Fourth Amendment. *United States v. Husband*, 226 F.3d 626, 632–33 (7th Cir. 2000). But Baker's claim fails because Fermon did not force any procedures upon Baker. Baker concedes that he voluntarily drank the charcoal and sorbitol solutions, and agreed to an x-ray, in an attempt to prove his innocence.

Third, Baker argues that Fermon unreasonably detained him after the hospital visit. He contends that, even if Fermon initially arrested Baker on a belief that Baker had ingested a bag of cocaine, that belief lacked probable cause once Baker failed to pass the bag at the hospital and the x-ray detected no bag. But when a detention lacks probable cause, "arguable probable cause" will shield an officer from suit through qualified immunity if, under the same circumstances and well-established law, a reasonable officer could have found probable cause. *Huff v. Reichert*, 744 F.3d 999, 1007 (7th Cir. 2014). Arguable probable cause exists here. After the hospital visit, a judge found probable cause to detain Baker, without bond, for obstruction of justice. *See Leaver v. Shortess*, 844 F.3d 665, 670 (7th Cir. 2016). An "extended restraint of liberty following arrest" based on "a judicial determination of probable cause" complies with the Fourth Amendment. *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). And the grand jury's indictment further justified the detention after the week of observation ended. *See id.* at 117 n.19. Fermon is thus amply shielded from suit.

Baker has two replies, but neither persuades us. First, he argues that Fermon's police report to the judge did not include the results of the hospital visit. Yet those results were inconclusive: The hospital's doctor testified that the x-ray results did not negate the possibility that Baker swallowed a bag and it could take up to a week to pass. Thus, Fermon "can claim the protection of qualified immunity" because "it would not have been clear to a reasonable officer that the information . . . omitted from his police reports would have negated probable cause." *Leaver*, 844 F.3d at 670.

Second, Baker argues that, because the failure to recover any cocaine confirms that he never had it, Fermon must have lied in his report and is thus culpable. This argument applies to both his detention claim and his final claim, the Illinois tort of malicious prosecution. That latter claim requires evidence that Fermon maliciously started a prosecution without probable cause. *See Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) (citing *Sang Ken Kim v. City of Chicago*, 858 N.E. 2d 569, 574 (Ill. App. Ct. 2006)). But, just as a judge's finding of probable cause can defeat a Fourth Amendment claim of unreasonable detention, a grand jury's indictment typically defeats a claim of malicious prosecution. *Colbert v. City of Chicago*, 851 F.3d 649, 655 (7th Cir. 2017). To overcome the effect of the indictment, Baker must show that some improper "postarrest action . . . influenced the prosecutor's decision to indict," such as a lie. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 902 (7th Cir. 2001). Likewise, to overcome the judge's probable-cause finding, Baker needs evidence that Fermon lied to obtain that finding. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918–19 (2017).

Baker's evidence that, with the benefit of hindsight, he never possessed the bag of cocaine, is not evidence that Fermon lied about reporting that he saw one. At most, it is evidence that Fermon was mistaken about what he saw. But a mistake is not a lie, as we have often said in another context. *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006) (employment discharge). And Baker has no evidence, such as shifting or inconsistent statements from Fermon, that might reasonably suggest that Fermon lied. *See Hitchcock v. Angel Corps, Inc.*, 718 F.3d 733, 737–40 (7th Cir. 2013). To the contrary, the evidence is consistent. Fermon wrote initial and supplemental arrest reports, and they both state that Baker put a bag with a white powdery substance into his mouth from his clenched right hand. Further corroborating Fermon's account, a passenger recalls that, during the arrest, Statz said that he saw Baker put something in his mouth. With no evidence suggesting that Fermon fabricated his account, summary judgment was thus proper on the detention and malicious-prosecution claims.

AFFIRMED